UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENTREAL JABAR HOWARD** | : | **DOCKET NO. 2:21-cv-02276** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on remand from the Fifth Circuit Court of Appeals for a factual inquiry into the timeliness of petitioner Kentreal Jabar Howard's ("Howard") Notice of Appeal. Doc. 49. The undersigned ordered petitioner to provide evidence demonstrating the date on which he tendered the notice of appeal (doc. 40) to prison officials for mailing. Doc. 50. Petitioner responded. Docs., 51, 53, 52, 54, 56. The matter is now ripe for review.

Petitioner also filed a Motion to Clarify (doc. 55) which is presently pending.

**I.**
**BACKGROUND**

*Pro se* petitioner Toby Antoine filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 2, 2021. Doc. 1. The respondent opposed the petition (doc. 15) and the petitioner filed both counseled (doc. 16) and pro se (doc. 17) replies into the record. On October 11, 2022, after reviewing the record, the undersigned issued a Report and Recommendation recommending that the matter me denied and dismissed with prejudice. Doc. 20. Petitioner filed an objection to the Report and Recommendation, which was considered timely, on October 26, 2022. Doc. 27. After considering the objection to the Report and Recommendation, the district

court issued a judgment dismissing this matter on December 2, 2022. Doc. 34. On December 14, 2022, petitioner filed a Motion for Certificate of Appealability (doc. 36), which was denied by the district court on December 16, 2022. Doc. 37.

Howard filed an undated Notice of Appeal, which was stamped as filed on January 12, 2023. Doc. 40. On February 24, 2023, the Fifth Circuit remanded the case for this Court to determine whether doc. 40 was timely filed, as it could not be determined from the record whether it was delivered to prison officials for mailing on or before January 3, 2023, the final day for timely filing.[1]  Doc. 49.

On February 28, 2023, the undersigned ordered the petitioner to provide evidence demonstrating the date on which he tendered the notice of appeal to prison officials for mailing. Doc. 49. Howard filed four (4) responses to this court's order and, in the third response dated March 8, 2023, he concedes that the Notice of Appeal was tendered to the Allen Correctional Center mailroom on January 6, 2023, and mailed on January 9, 2023. Doc. 54, p. 1; *see* doc. 54, att. 1, p. 2. Pursuant to the prisoner mailbox rule, then, the Notice of Appeal would be deemed to have been filed January 6, 2023, 3 days past the final day for filing.

## II.
### LAW AND APPLICATION

A notice of appeal must be filed within 30 days of entry of the judgment from which the appeal is taken. Fed. R. App. P. 4(a)(1)(A). Timely filing of a notice of appeal "is both mandatory and jurisdictional." *Colbert v. Brennan*, 752 F.3d 412, 416 (5th Cir. 2014). Without a timely notice, the appellate court lacks jurisdiction over the appeal. Even though the Federal Rules direct that "[a]n appeal . . . may be taken only by filing a notice of appeal with the district clerk," Fed. R.

---

[1] Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system. See *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).

App. P. 3(a)(1), the Fifth Circuit has allowed "the timely filing of a document [ ] which is the equivalent of a notice of appeal" to suffice. *Rodgers v. McIntyre*, 729 Fed.Appx. 317, 317 (5th Cir. 2020), citing *Stevens v. Heard*, 674 F.2d 320, 322 (5th Cir. 1982). At a minimum, a notice of appeal must (1) specify the party taking the appeal; (2) identify the judgment being appealed; and (3) "name the court to which the appeal is taken." *Id*., citing Fed. R. App. P. 3(c)(1). We are to "liberally construe" these requirements, but "[t]his principle of liberal construction does not . . . excuse noncompliance with the letter" of the Rule. *Id.,* citing *Smith v. Barry*, 112 S. Ct. 678 (1992).

In the present matter, judgment was entered on December 2, 2023, and, therefore, the final day for filing a timely notice of appeal was Tuesday, January 3, 2023, as the thirtieth day fell on a Sunday, and the following Monday was a Federal Holiday. See Fed. R. App. P. 26(a)(1)(C). Petitioner concedes that the Notice of Appeal (doc. 40) was not tendered to the Allen Correctional Center mailroom until January 6, 2023, and not mailed until January 9, 2023. Therefore, the notice of appeal is untimely.

In each of his first responses to our order, petitioner suggests that his letter to the district court docketed December 14, 2022, asking for a certificate of appealability (doc. 36) was a notice of appeal and that the document filed January 12, 2023, (doc. 40) was his "second" notice of appeal. See doc. 51, 52, and 54. Insofar as the order from the higher court was only for us to determine whether the Notice of Appeal was timely filed, we make no recommendation on the disposition this contention.

**V.**
**RECOMMENDATION**

Therefore, after careful review,

**IT IS RECOMMENDED** that the Court find that the petitioner's notice of appeal (doc. 40) was **UNTIMELY FILED** and that no motion for a finding of good cause or excusable neglect has been timely filed.

**IT IS FURTHER RECOMMENDED** that the Court order the Clerk of Court to return this case to the United States Court of Appeal for the Fifth Circuit for appropriate action, in accordance with its Order. Doc. 49.

**IT IS FURTHER RECOMMENDED** that all other pending motions, including plaintiff's Motion to Clarify (doc. 55), be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE